IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMANUEL JACOBS, et al.        :        CIVIL ACTION
                             :
        v.                   :
                             :
LG ELECTRONICS U.S.A., Inc.  :        NO. 19-3728

MEMORANDUM

Bartle, J.                                    June 8, 2020

        Plaintiffs Emanuel Jacobs and Shaneek Harris (formerly
Jacobs) brought this action in the Court of Common Pleas of
Philadelphia County against LG Electronics U.S.A., Inc. ("LG
Electronics") for negligence, strict liability, and breach of
warranties.  Defendant timely removed the action based on
diversity of citizenship.  See 28 U.S.C. § 1332(a).  Before the
Court is the motion of LG Electronics for summary judgment on
the claims of Harris for physical and emotional injury and loss
of consortium and the claims of Jacobs for emotional injury and
loss of consortium[1] under Rule 56 of the Federal Rules of Civil
Procedure.[2]

_____

1.   The complaint does not specify whether Jacobs seeks to
recover for Harris' injuries or Harris seeks to recover for
Jacobs' injuries.  We address loss of consortium as if claimed
by both Jacobs and Harris.

2.   Plaintiffs move to strike defendant's motion for summary
judgment on the ground it was not timely filed.  Plaintiffs'
motion to strike has no merit and will be denied.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A factual dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  A factual dispute is material if it might affect the outcome of the suit under governing law.  Id. at 248.

Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are undisputed.  Plaintiffs Emmanuel Jacobs and Shaneek Harris, husband and wife at the time of the events in question, claim that on May 19, 2017 an air

-2-

conditioning unit manufactured by LG Electronics allegedly caused a fire at their marital residence.

Only plaintiff Harris was home at the time of the fire. The fire caused significant damage to plaintiffs' personal property and rendered their residence uninhabitable. Jacobs' homeowner's insurance carrier paid over $75,000[3] to address damages to the home and its contents.[4]

The marriage between Jacobs and Harris suffered significant strain due to the fire and the displacement of their family. Though Jacobs' homeowner's insurance carrier provided plaintiffs temporary housing for several months after the fire, the couple's adult children stopped living with them. The repair of their home was halted due to construction and permit complications.

Jacobs suffered anxiety and depression. Harris, who had seen a counselor before the fire for bipolar disorder, depression, and post-traumatic stress disorder, experienced a significant worsening of her mental state. Conflicts between the couple became more common until their marriage ended in

---

3. The exact amount of the loss is not supported by proper citation to the record.

4. The deed to the residence is in Jacobs' name only. It is unclear from the record whether Harris was listed as a beneficiary on the homeowner's insurance policy.

December 2017.  The couple has not spoken since and is now
divorced.

Jacobs' homeowner's insurance carrier recovered in a
subrogation action against LG Electronics.  Jacobs and Harris
now seek to recover directly from LG Electronics for property
loss not paid by their insurance company and for "damage to
their marriage, loss of consortium, livelihood and incurred loss
of wages, medical bills, pain and suffering and loss to the way
of life they had known prior to the fire."

III

LG Electronics moves for summary judgment on Harris'
claim for damages for physical injury on the ground that Harris
was not physically injured as a consequence of the fire.

At her deposition, Harris unequivocally testified, "No
one was harmed in the fire," "I was not physically hurt that I
know of," and "I can't directly say any physical pain that I'm
having now or had since the fire is because of the fire."
Harris further testified that she has not suffered any damage to
her person other than psychological harm and that the
post-traumatic stress she claims she suffered because of the
fire did not cause her physical pain.  Finally, Harris submitted

-4-

no medical records or other evidence showing that she suffered any physical injury.[5]

In sum, no rational trier of fact could find on this record that Harris suffered physical injury.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Accordingly, we will grant the Motion of LG Electronics for Summary Judgment on Harris' claim for damages for physical injury.

IV

LG Electronics also moves for summary judgment on the claims of Harris and Jacobs for damages for emotional injury.

Defendant argues that Pennsylvania law does not allow damages for emotional distress that result from injury to property.  We agree.  Mest v. Cabot Corp., 449 F.3d 502, 519 (3d Cir. 2006); see also Houston v. Texaco, Inc., 538 A.2d 502, 506 (Pa. Super. 1988).  Moreover, plaintiffs now concede they do "not state a claim for emotional damages."  We will therefore grant the Motion of LG Electronics for Summary Judgment on the claims of Harris and Jacobs for emotional damages.

---

5.   Jacobs, who was at work at the time of the fire, testified at his deposition that Harris told him she was blown into a wall and tumbled down a flight of stairs after she opened the door to the bedroom where the fire started.  Jacobs' testimony is inadmissible hearsay and may not be considered.  See Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir.2009); see also Fed. R. Evid. 801-05.

V

Finally, LG Electronics moves for summary judgment on Jacobs' claim for loss of consortium due to Harris' physical and emotional injuries and Harris' claim for loss of consortium due to Jacobs' emotional injuries.

A loss of consortium claim is a derivative claim based on the loss of marital services which results from injury to a claimant's spouse.  Cleveland v. Johns-Manville Corp., 690 A.2d 1146, 1149 (Pa. 1997); Kryeski v. Schott Glass Technologies, Inc., 626 A.2d 595, 602 (Pa. Super. 1993).  A loss of consortium claim cannot survive where the spouse's predicate claim for injury fails to withstand summary judgment.  Allen v. Am. Airlines, Inc., 301 F. Supp. 2d 370, 383 (E.D. Pa. 2003).

We will be granting summary judgment in defendant's favor on the claim of Harris for damages for physical injury. We will also be granting summary judgment in defendant's favor on the claims of Harris and Jacobs for emotional injury.  As a result, no claim for loss of consortium predicated on physical or emotional injury to Harris or emotional injury to Jacobs can survive.  The Court will grant the Motion of LG Electronics for Summary Judgment in defendant's favor on the claims of Jacobs and Harris for loss of consortium.